UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

------------------------------------x
:
MALCOLM ROSENWALD, :
:
       Plaintiff, :
:
       v. :
:
LAURA S. UNGER, BENJAMIN R. : Civil Action No. _____
CIVILETTI, WILLIAM H. JEWS, :
JAMES H. BERICK, MARY H. BOIES, :
BRUCE L. HAMMONDS, RANDOLPH C. :
LERNER, STUART L. MARKOWITZ, :
WILLIAM H. MILSTEAD and :
THOMAS G. MURDOUGH, JR., :
:
       Defendants, :
:
MBNA CORPORATION, :
:
       Nominal Defendant. :
:
------------------------------------x

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, defendant Bruce L. Hammonds with the consent of all defendants hereby gives notice of the removal of this action to this Court from the Circuit Court for Baltimore City, Maryland, where it is pending as Case No. 24-C-05-006704. Because federal courts have original jurisdiction over this action under 28 U.S.C. § 1331, and the other prerequisites for removal are met, this action is removable pursuant to 28 U.S.C. § 1441. The specific grounds for removal are as follows.

## Procedural Matters

1.      Plaintiff filed this action in the Circuit Court for Baltimore City, Maryland, on July 11, 2005. Defendant Bruce L. Hammonds, a Director and the President and Chief Executive Officer of nominal defendant MBNA Corporation ("MBNA"), did not receive a copy of the complaint, through service or otherwise, until July 20, 2005 at the earliest. (Copies of the summons and complaint are attached hereto as Exhibits A and B.) No other process, pleadings or orders have been served upon Mr. Hammonds. As prescribed by 28 U.S.C. § 1446(b), Mr. Hammonds has filed this Notice of Removal within 30 days of his receipt of the complaint.

2.      The Circuit Court for Baltimore City is located within the geographical boundaries of the United States District Court for the District of Maryland, Northern Division. 28 U.S.C. § 100(1). Mr. Hammonds will promptly file a copy of this Notice with the Clerk of the Circuit Court for Baltimore City pursuant to 28 U.S.C. § 1446(d).

3.      No admission of fact or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved. Mr. Hammonds also files this Notice of Removal subject to, and without waiving, any objections to personal jurisdiction he may have. *See, e.g., Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929).

## Federal Question Jurisdiction

4.     This action arises under federal law within the meaning of 28 U.S.C. § 1331, and is therefore removable to this Court under 28 U.S.C. § 1441. In *Grable & Sons Metal Products, Inc.* v. *Darue Engineering & Manufacturing*, 125 S. Ct. 2363, 2367 (2005), the Supreme Court held that federal "arising under" jurisdiction exists over state-law claims if those claims raise a contested and substantial federal question and "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."

5.     Plaintiff's state-law claims necessarily raise disputed and substantial federal issues. All three of plaintiff's claims are premised on the allegation that MBNA and certain of its officers made materially false and misleading public statements in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. *See* Complaint ¶¶ 20-36. In support of this alleged violation of federal securities law, plaintiff relies on, among other things, Regulation S-X (17 C.F.R. § 210.4-01(2)(1)), which "states that financial statements filed with the SEC which are not prepared in compliance with GAAP are presumed to be misleading and inaccurate." Complaint ¶ 23. Because each of plaintiff's state-law claims is premised on an alleged violation of federal law, the outcome of this case necessarily will depend on the resolution of disputed and substantial federal issues. Those issues include, among others, whether the statements alleged to be false and misleading fall within the safe-harbor provision for "forward-looking" statements established by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*

6.     There is also no question that "a federal forum may entertain these issues without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods.*, 125 S. Ct. at 2368. To the contrary, Congress

has vested the federal courts with exclusive jurisdiction over claims arising under the Securities Exchange Act. 15 U.S.C. § 78aa.

7. Plaintiff acknowledges in his complaint that "class action suits have been commenced in the United States District Court for the District of Delaware" asserting violations of the Securities Exchange Act based on the same allegations at issue in this action. Complaint ¶ 31. In fact, two closely-related derivative actions, seven closely-related securities class actions and one closely-related ERISA action are currently pending in the District of Delaware. With the removal of this action to federal court, this case now can be transferred to the District of Delaware pursuant to 28 U.S.C. § 1404(a) where it can be consolidated with the other two derivative actions pending in that District and can proceed in a coordinated fashion with the other closely-related cases.

8. All of the other defendants in this action have authorized the undersigned counsel to represent that they consent to removal and that they will file signed written consents.

## Conclusion

This Court has original jurisdiction over this action under 28 U.S.C. § 1331. All procedural prerequisites to removal have been met. Accordingly, removal to this Court under 28 U.S.C. § 1441 is proper and effected hereby.

Dated: August 19, 2005

Respectfully submitted,

*Troy A. P.*

Troy A. Priest (Federal Bar # 12022)
BROWN & SHEEHAN LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, Maryland 21230
(410) 296-8500

*Attorneys for Defendant
Bruce L. Hammonds*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August, 2005, a copy of the foregoing Defendant Bruce L. Hammonds's Notice of Removal was sent via hand delivery to Charles J. Piven, Esquire, Marshall Perkins, The World Trade Center – Baltimore, Suite 2525, 401 East Pratt Street, Baltimore, Maryland 21202; via Federal Express overnight delivery to Irving Bizar, Esquire, Ballon Stoll Bader & Nadler, P.C., 1450 Broadway – 14th Floor, New York, New York 10018; and by first class mail, postage prepaid on Richard L. Brusca, Esquire, Skadden, Arps, Slate, Meagher & Flom, LLP, 1440 New York Avenue, N.W., Washington, D.C. 2005.

*Troy A. P.*

Troy A. Priest

- 5 -