# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

--------------------------------------------------------- x

MALCOLM ROSENWALD,            :

                       :

           Plaintiff,     :

      v.                  :

                       :

LAURA S. UNGER, BENJAMIN R.   :

CIVILETTI, WILLIAM H. JEWS, JAMES  :

H. BERICK, MARY H. BOIES, BRUCE L.  :

HAMMONDS, RANDOLPH C. LERNER,  :     Civil Action No. 05 CV 02296 CCB

STUART L. MARKOWITZ, WILLIAM H.  :

MILSTEAD and THOMAS G.        :

MURDOUGH, JR.,             :

                       :

           Defendants,   :

                       :

MBNA CORPORATION,        :

                       :

          Nominal Defendant.  :

--------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER THIS ACTION TO THE DISTRICT OF DELAWARE OR, IN THE ALTERNATIVE, TO STAY THIS ACTION

Troy A. Priest (Fed. Bar No. 12022)
BROWN & SHEEHAN LLP
The Tide Building, Suite 300
1010 Hull Street
Baltimore, MD 21230
(410) 296-8500

Richard L. Brusca (Fed. Bar No. 22930)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
1440 NEW YORK AVENUE N.W.
Washington, DC 20005
(202) 371-7000

*Attorneys for Nominal Defendant
MBNA Corporation and
Defendant Bruce L. Hammonds*

*Attorneys for Defendants Laura S. Unger,
Benjamin R. Civiletti, William L. Jews,
James H. Berick, Mary M. Boies, Randolph
D. Lerner, Stuart L. Markowitz, William B.
Milstead and Thomas G. Murdough, Jr.*

August 26, 2005

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ....................................................................................2

BACKGROUND ........................................................................................................3

ARGUMENT .............................................................................................................7

I.    This Action Should Be Transferred to the District of Delaware Pursuant to
      28 U.S.C. § 1404(a). ................................................................................7

      A.    Trial Efficiency and the Interests of Justice Strongly Favor
            Transfer to the District of Delaware. ............................................8

      B.    Convenience of the Parties Favors Transfer to the District
            of Delaware. ..............................................................................10

      C.    Plaintiff's Choice of Forum Is Entitled to Little or No
            Deference…… ............................................................................11

      D.    Witness Convenience and Access Favor Transfer to the
            District of Delaware. ...................................................................12

II.   In the Alternative, the Court Should Stay This Action in Deference to the
      Earlier-Filed Derivative Actions Pending in the District of Delaware. .................13

CONCLUSION .........................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Carolina Archery Prods.* v. *Alpine Archery, Inc.*,
No. 1:03cv00176, 2004 WL 1368863 (M.D.N.C. June 15, 2004) ..................12, 13

*Colorado River Water Conservation District* v. *United States*,
424 U.S. 800 (1976).......................................................................................13, 14

*Continental Grain Co.* v. *Barge FBL—585*,
364 U.S. 19 (1960)...........................................................................................8, 10

*Cronos Containers, Ltd.* v. *Amazon Lines, Ltd.*,
121 F. Supp. 2d 461 (D. Md. 2000).................................................................10, 13

*Dicken* v. *United States*,
862 F. Supp. 91 (D. Md. 1994).........................................................................7, 12

*Ellicott Mach. Corp.* v. *Modern Welding Co.*,
502 F.2d 178 (4th Cir. 1974) .................................................................................14

*First Century Mortg.* v. *FISI Madison*,
219 F. Supp. 2d 669 (D. Md. 2002) .......................................................................14

*Gen. Tire & Rubber Co.* v. *Watkins*,
373 F.2d 361 (4th Cir. 1967) ............................................................................8, 10

*Int'l Tel. & Tel. Corp.* v. *Gen. Tel. & Elec. Corp.*,
527 F.2d 1162 (4th Cir. 1975) ................................................................................9

*Landis* v. *N. Am. Co.*,
299 U.S. 248 (1936)................................................................................................14

*Lynch* v. *Vanderhoef Builders*,
237 F. Supp. 2d 615 (D. Md. 2002)...........................................................8, 11, 12

*Morris & Co.* v. *Skandinavia Ins. Co.*,
279 U.S. 405 (1929)..................................................................................................5

*In re Nematron Sec. Litig.*,
30 F. Supp. 2d 397 (S.D.N.Y. 1998).....................................................................10

*Popoola* v. *MD-Individual Practice Ass'n*,
   No. Civ.A.DKC 2000-2946, 2001 WL 579774 (D. Md. May 23, 2001)...............14

*In re Ralston Purina Co.*,
   726 F.2d 1002 (4th Cir. 1984) ..............................................................................7

*Roby* v. *Gen. Tire & Rubber Co.*,
   500 F. Supp. 480 (D. Md. 1980) .........................................................................13

*Stolz* v. *Barker*,
   466 F. Supp. 24 (M.D.N.C. 1978) ..................................................................10, 12

*Strauss* v. *Brookhaven Capital Management Co., LLC*,
   No. 01 Civ. 1701, 2002 WL 1760992 (S.D.N.Y. June 30, 2002)....................11, 12

*Wood* v. *Barnette*,
   648 F. Supp. 936 (E.D. Va. 1986) ........................................................................9

## STATUTES

28 U.S.C. § 1404(a) ................................................................................... *passim*

28 U.S.C. § 1446....................................................................................................5

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

---------------------------------------------------------- x

MALCOLM ROSENWALD,          :

                     :

          Plaintiff,       :

          v.             :

                     :

LAURA S. UNGER, BENJAMIN R.   :
CIVILETTI, WILLIAM H. JEWS, JAMES :
H. BERICK, MARY H. BOIES, BRUCE L. :
HAMMONDS, RANDOLPH C. LERNER,  :    Civil Action No. 05 CV 02296 CCB
STUART L. MARKOWITZ, WILLIAM H. :
MILSTEAD and THOMAS G.        :
MURDOUGH, JR.,             :

                     :

          Defendants,     :

                     :

MBNA CORPORATION,        :

                     :

          Nominal Defendant.   :

---------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO TRANSFER THIS ACTION TO THE  DISTRICT
## OF DELAWARE OR, IN THE ALTERNATIVE, TO STAY THIS ACTION

Nominal defendant MBNA Corporation ("MBNA") and defendants Laura S.
Unger, Benjamin R. Civiletti, William L. Jews, James H. Berick, Mary M. Boies, Bruce
L. Hammonds, Randolph D. Lerner, Stuart L. Markowitz, William B. Milstead and
Thomas G. Murdough, Jr., (collectively, the "Individual Defendants") respectfully
request that this derivative action be transferred pursuant to 28 U.S.C. § 1404(a) to the
United States District Court for the District of Delaware where ten closely related
actions—including two nearly-identical derivative actions—are already pending.  In the
alternative, this case should be stayed pending resolution of the two nearly identical
shareholder derivative actions pending in that District.

## PRELIMINARY STATEMENT

This is a shareholder derivative action brought on behalf of MBNA, a bank holding company incorporated in the State of Maryland and headquartered in Wilmington, Delaware. Compl. ¶ 3. The Individual Defendants are all directors of MBNA. *Id.* ¶¶ 4-13. Many of the underlying events alleged in the Complaint as the bases for plaintiff's claims occurred in the District of Delaware, and the large majority of witnesses and documentary evidence are likely to be found in that District. Moreover, ten closely related complaints have already been filed in the District of Delaware, including two nearly-identical shareholder derivative actions, based on essentially the same factual allegations. The first of these actions was filed nearly two months before plaintiff filed his Complaint.

Plaintiff has not alleged any personal connection to the District of Maryland. *See id.* ¶ 2. Nor has he asserted any connection between the events alleged in the Complaint and this District, aside from the fact that MBNA is incorporated in Maryland. There also are no other related cases pending before this Court, and no plaintiff in the District of Delaware actions has sought transfer to Maryland. Because the center of gravity of this litigation is in Delaware—and there are already numerous closely related lawsuits pending there that assert similar claims—this action should be transferred to the District of Delaware pursuant to 28 U.S.C. § 1404(a). If this case is not transferred, it should be stayed pending resolution of the two nearly-identical derivative actions in the District of Delaware in order to avoid needless duplication and the potential for inconsistent rulings.

-2-

## BACKGROUND

On April 21, 2005, MBNA announced earnings of $0.02 per share, which were below previous estimates. Compl. ¶ 18. MBNA's stock declined by about 20% the following day. *Id*. ¶ 19. Two weeks later, on May 5, 2005, the first of many class-action lawsuits was filed against MBNA and certain of its officers and directors in the District of Delaware on behalf of a putative class of MBNA shareholders alleging violations of the Securities and Exchange Act of 1934. *Baker* v. *MBNA Corp.*, No. 1:05-CV-00272-GMS (D. Del. filed May 5, 2005).[1] Over the next month, seven additional putative class action complaints were filed in the District of Delaware, all alleging similar securities law violations on behalf of the same putative class of MBNA shareholders. *Phillips* v. *MBNA Corp.*, No. 1:05-CV-00277-GMS (D. Del. filed May 9, 2005); *Wilkins* v. *MBNA Corp.*, No. 1:05-CV-00287-GMS (D. Del. filed May 12, 2005); *Bronstein* v. *MBNA Corp.*, No. 1:05-CV-00289-GMS (D. Del. filed May 13, 2005); *Penn* v. *MBNA Corp.*, No. 1:05-CV-00293-GMS (D. Del. filed May 13, 2005); *Jones* v. *MBNA Corp.*, No. 1:05-CV-00316-GMS (D. Del. filed May 20, 2005); *Blum* v. *MBNA Corp.*, No. 1:05-CV-00372-GMS (D. Del. filed June 8, 2005); *Cussen* v. *MBNA Corp.*, No. 1:05-CV-00389-GMS (D. Del. filed June 13, 2005).[2] In addition, a putative class action was filed in Delaware asserting claims under ERISA on behalf of a putative class of investors in MBNA's 401K Plus

---

[1] The *Baker* complaint is attached as Exhibit A to the Declaration of Troy Priest, executed August 26, 2005 ("Priest Decl.").

[2] These seven complaints are attached as Exhibits B through H to the Priest Decl. The *Cussen* action was voluntarily dismissed on July 5, 2005. In addition to these actions, two class action complaints were filed against MBNA in the Southern District of New York. MBNA has moved to transfer those actions to the District of Delaware.

Savings plan based on the same allegations. *Cannon* v. *MBNA*, No. 1:05-CV-00429-GMS (D. Del. filed June 24, 2005).[3]

On May 25, 2005, the first of two shareholder derivative actions was filed in the District of Delaware. *Lemon Bay Partners LLP* v. *Hammonds*, No. 1:05-CV-00327-GMS (D. Del. filed May 25, 2005). The second derivative action was filed shortly thereafter on June 6, 2005. *Benoit* v. *Hammonds*, No. 1:05-CV-00361-GMS (D. Del.). Amended complaints subsequently were filed in both of these actions.[4] Like this case, the two shareholder derivative actions pending in Delaware are brought on behalf of nominal defendant MBNA, and both seek recovery from the same Individual Defendants named as defendants in this action. The *Lemon Bay* and *Benoit* complaints also name the following individuals as defendants: Kenneth A. Vecchione, Richard K. Struthers, Charles C. Krulak, John R. Cochran, III, Michael G. Rhodes, Lance L. Weaver and John W. Scheflen. These additional defendants in the *Lemon Bay* and *Benoit* actions are current or former executives or directors of MBNA, and nearly all of them live and work in the District of Delaware.

The two derivative actions and eight closely-related class action lawsuits pending in the District of Delaware have been assigned to the same judge, Judge Gregory M. Sleet. To ensure consistent rulings and decisions and to avoid inefficiencies and unnecessary duplication of effort, the parties in the two Delaware derivative actions—

---

[3] The ERISA complaint is attached as Exhibit I to the Priest Decl.

[4] The amended complaints in the *Lemon Bay* and *Benoit* actions are attached as Exhibits J and K, respectively, to the Priest Decl.

*Lemon Bay* and *Benoit*—submitted to Judge Sleet on August 23, 2005 a stipulated order that (i) consolidates the two derivative actions, (ii) appoints co-lead counsel for plaintiffs, and (iii) establishes an agreed-upon, comprehensive schedule. A copy of the Stipulated Proposed Order Consolidating Actions and Appointing Co-Lead Counsels submitted in the *Lemon Bay* and *Benoit* actions is attached to the Priest Declaration as Exhibit L. That stipulated order was approved by the Court on August 25, 2005. *See* Docket, *Lemon Bay Partners LLP* v. *Hammonds*, No. 1:05-CV-00327-GMS (D. Del.) at 7 (attached as Exhibit M to the Priest Decl.).

On July 11, 2005—forty-seven days after the first derivative complaint was filed in the District of Delaware—plaintiff filed this action in Maryland state court.[5] Like both of the Delaware derivative complaints, plaintiff asserts claims on behalf of nominal defendant MBNA against the Individual Defendants arising out of the April 21, 2005 earnings announcement by MBNA. As in the Delaware derivative actions, plaintiff seeks damages based on, among other things, alleged violations of fiduciary duties by the Individual Defendants. *See* Compl. ¶¶ 44-47; *Lemon Bay* Compl., Priest Decl. Ex. J ¶¶ 87-93, 97-99; *Benoit* Compl., Priest Decl. Ex. K ¶¶ 105-110.

The substantive allegations of plaintiff's Complaint and of those filed in the District of Delaware are nearly identical. For example, like nearly all of the Delaware complaints, plaintiff's allegations focus on a January 20, 2005 press release issued by

---

[5] This case was removed to federal court pursuant to 28 U.S.C. § 1446 on August 19, 2005. That removal was made subject to and without waiving any objections defendants may have as to personal jurisdiction. *See*, *e.g.*, *Morris & Co.* v. *Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929).

-5-

MBNA and on conference calls conducted by certain MBNA officers and executives on January 21, 2005.[6]  *Compare* Compl. ¶¶ 14-15, 20 *with*, *e.g.*, *Baker* Compl., Priest Decl. Ex. A ¶¶ 36-41, 47-51; *Lemon Bay* Compl., Priest Decl. Ex. J ¶¶ 36-45, 49.  Like each of the Delaware complaints, plaintiff also challenges certain stock sales by MBNA officers and directors during the relevant period as a supposed motivation for the conduct alleged. *Compare* Compl. ¶ 33-36 *with*, *e.g.*, *Lemon Bay Compl.*, Priest Decl. Ex. J ¶¶ 6, 46; *Benoit* Compl., Priest Decl. Ex. K ¶¶ 8-10; *Baker* Compl., Priest Decl. Ex. A ¶ 46.  And plaintiffs' Complaint, like the complaints in *Benoit* and *Lemon Bay*, references the securities class actions filed in the District of Delaware as a source of harm to MBNA. Compl. ¶ 31; *Lemon Bay* Compl., Priest Decl. Ex. J ¶ 8; *Benoit* Compl., Priest Decl. Ex. K ¶ 42.  Finally, the relief sought in plaintiff's Complaint—monetary damages for the injury allegedly caused to MBNA, Compl. ¶ 53—is also sought in the *Benoit* and *Lemon Bay* actions.  *Lemon Bay* Compl. Prayer, Priest Decl. Ex. J; *Benoit* Compl. Prayer, Priest Decl. Ex. K.

The only allegation in plaintiffs' Complaint seeking to connect this action to this District is that MBNA is incorporated under the laws of the State of Maryland.  Compl. ¶ 1.  Plaintiff does not allege that any of the alleged corporate decisions challenged in this action were made in Maryland or that any of the allegedly misleading statements on which his claims are based emanated from Maryland.  Plaintiff also does not allege that he is a resident of the State of Maryland.  *See* Compl. ¶ 2.  In contrast, the complaints in

---

[6] A number of MBNA executives who participated in that call reside in the District of Delaware.  *See* Affidavit of Dezzie R. Cole, sworn to August 26, 2005 ("Cole Aff."), ¶ 5.

*Lemon Bay* and *Benoit* allege that wrongful conduct occurred in Delaware. *See Lemon Bay* Compl., Priest Decl. Ex. J ¶ 11 (venue is proper in the District of Delaware because "[a] number of wrongful acts and practices" alleged in the complaint occurred there); *Benoit* Compl., Priest Decl. Ex. K ¶ 5 (venue is proper in the District of Delaware because "a substantial portion of the transactions and wrongs complained of herein" occurred there).

As a result, there is no indication from plaintiff's Complaint in this action that either witnesses or other sources of evidence relevant to plaintiff's claims are located in the District of Maryland. By contrast, it is likely that many knowledgeable witnesses and substantial documentary evidence may be located in the District of Delaware. *See* Cole Aff. ¶¶ 4-6.

## ARGUMENT

**I.   This Action Should Be Transferred to the District of Delaware Pursuant to 28 U.S.C. § 1404(a).**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision as to whether to transfer an action pursuant to this section is "committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). Section 1404(a) "was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Dicken* v. *United States*, 862 F. Supp. 91, 92 (D. Md. 1994)

-7-

"In deciding whether a motion to transfer should be granted, courts are to consider the following:  (1) the weight accorded the plaintiffs' choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Lynch* v. *Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).  Here, these factors strongly support transferring this action to the District of Delaware.[7]

A.    **Trial Efficiency and the Interests of Justice Strongly Favor Transfer to the District of Delaware.**

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  *Continental Grain Co.* v. *Barge FBL—585*, 364 U.S. 19, 26 (1960).  Those words apply perfectly here.

The Fourth Circuit has recognized that considerations of judicial economy and the interests of justice argue strongly in favor of transfer where multiple closely related actions are pending in another district.  In *General Tire & Rubber Co.* v. *Watkins*, 373 F.2d 361, 369 (4th Cir. 1967), the Court found that the trial court had abused its discretion in refusing to transfer a case from the District of Maryland to the District of Ohio where a substantially similar action was pending against the same defendant.  The Court found that transfer was necessary to prevent the "extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues."  *Id.* at

---

[7] That this case was removed from a state court in no way limits this Court's authority to transfer the case to a more appropriate district.  *Lynch*, 237 F. Supp. 2d at 617 n.1.

362; *see also Int'l Tel. & Tel. Corp.* v. *Gen. Tel. & Elec. Corp.*, 527 F.2d 1162, 1163 (4th Cir. 1975) ("Judicial efficiency and economy suggest a transfer" to the district in which a related action is pending "so that if a violation . . . is found, all appropriate relief can be granted in one action."); *Wood* v. *Barnette*, 648 F. Supp. 936, 940 (E.D. Va. 1986) ("In deciding what the 'interests of justice' require, avoiding a multiplicity of litigation is an important factor.").

Two closely-related derivative actions have already been filed in the District of Delaware. The plaintiffs in those actions have agreed to consolidate their cases to avoid unnecessary duplication and potentially inconsistent results. Moreover, the seven securities class actions and one ERISA class action also pending in the District of Delaware are based on the same earnings announcement and cover the same period alleged in plaintiffs' Complaint. Indeed, because plaintiffs' Complaint relies in part on the class action lawsuits filed in the District of Delaware as an alleged source of injury to MBNA, Compl. ¶ 31, plaintiff's claim for damages is related to the merits of the allegations asserted in those actions pending in Delaware.

Maintaining duplicative actions in both Delaware and Maryland would be inefficient in the extreme, and could potentially lead to different results for nearly identical actions. The first action in the District of Delaware was filed more than two months before this action was filed, and no plaintiff in the Delaware actions has sought transfer to the District of Maryland. Transferring this action to the District of Delaware is therefore the only way to avoid "the wastefulness of time, energy and money that

§ 1404(a) was designed to prevent." *Continental Grain Co.*, 364 U.S. at 26; *see also Gen. Tire & Rubber Co.*, 373 F.2d at 369 (transfer was warranted where consolidation with action pending in transferee district was "the only way that time and effort can now be saved"); *Cronos Containers, Ltd.* v. *Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000) ("As a general rule, the forum where an action is first filed has priority over the forum where a subsequent action arising out of the same nucleus of facts is filed").

**B.      Convenience of the Parties Favors Transfer to the District of Delaware.**

"In a derivative action such as this, the plaintiff is almost an insignificant figure." *Stolz* v. *Barker*, 466 F. Supp. 24, 27 (M.D.N.C. 1978). Because plaintiff is likely to have minimal knowledge of the underlying facts at issue in this action, the primary focus of discovery and trial will be on the actions of the Individual Defendants and MBNA. *See*, *e.g.*, *Stolz*, 466 F. Supp. at 27 (derivative plaintiff's testimony will likely be confined to limited topics whereas individual defendants would not only have to appear every day at trial but may have to offer substantial testimony); *cf. In re Nematron Sec. Litig.*, 30 F. Supp. 2d 397, 402 (S.D.N.Y. 1998) ("It is well known that trials in securities class actions focus almost entirely on the defendant's conduct.").

MBNA is headquartered in Delaware, and the majority of its executives and employees, as well as most relevant documentary evidence, are located there. Cole Aff. ¶¶ 4-6. Litigating this action in the District of Delaware thus would be more convenient than litigating the case in Maryland. *See Stolz*, 466 F. Supp. at 28 (derivative action would subject corporation and its employees to less disruption if discovery were overseen

-10-

by court in state in which corporation was headquartered and in which majority of documentary evidence and witnesses were likely to be found); *see also* Cole Aff. ¶ 8.  As a stockholder of MBNA seeking to recover on the corporation's behalf, plaintiff also would benefit by minimizing any unnecessary disruption caused to the company and its executives by this litigation.[8]

Most importantly, both parties and the judiciary would benefit from the substantial economies that could be achieved by litigating this case in the same forum where two consolidated derivative actions and eight closely related class action lawsuits are currently pending.  If transferred to the District of Delaware, this action could be consolidated with the other two derivative actions pending there, and discovery in all of the closely related actions could be managed and coordinated by Judge Sleet.  Through such coordination, the parties can avoid needless duplication and can benefit from the Delaware court's familiarity with the related litigation.  The convenience of both parties thus would be furthered by transferring this case to the District of Delaware.

### C.    Plaintiff's Choice of Forum Is Entitled to Little or No Deference.

In a derivative action like this, where there are numerous potential plaintiffs who could pursue a claim on the corporation's behalf, plaintiff's choice of forum is entitled to substantially less deference than in an ordinary lawsuit.  *See*, *e.g.*, *Strauss* v. *Brookhaven*

---

[8] The relatively short distance between Baltimore and Wilmington suggests that any inconvenience to plaintiff would be minimal.  *See Lynch*, 237 F. Supp. 2d at 618 (in light of relative closeness of Baltimore and Philadelphia, "[i]t would not constitute an undue burden to require Plaintiff to travel to the jurisdiction where the action arose" to prosecute his claim).

*Capital Management Co., LLC*, No. 01 Civ. 1701, 2002 WL 1760992, at *1 (S.D.N.Y. June 30, 2002) ("[I]n a derivative action, plaintiff's choice of forum here is considerably weakened because plaintiff is only one of many potential plaintiffs, all of whom could with equal show of right go into their many home courts"); *Stolz*, 466 F. Supp. at 27 ("[P]laintiffs' choice of forum is of even less significance in a derivative action."). The deference owed to a plaintiff's choice of forum is further diminished where, as here, "none of the conduct complained of occurred in the forum selected by the plaintiff." *Lynch*, 237 F. Supp. 2d at 617; *see also Dicken*, 862 F. Supp. at 92 ("[P]laintiff's choice of forum is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy.").

Plaintiff seeks to recover damages on behalf of MBNA. Compl. ¶ 1. His standing to bring this suit is no different from thousands of other MBNA stockholders nationwide. His preferred forum is thus of little or no significance. None of the operative facts in plaintiff's Complaint are alleged to have occurred in Maryland, and ten complaints asserting virtually identical factual allegations, including two nearly-identical derivative actions, have already been filed in the District of Delaware. This Court should thus accord little or no deference to plaintiff's choice of forum.

### D. Witness Convenience Favors Transfer to the District of Delaware.

The convenience of both party and non-party witnesses is also an important factor in determining whether to transfer an action. *See, e.g.*, *Carolina Archery Prods.* v. *Alpine*

-12-

*Archery, Inc.*, No. 1:03cv00176, 2004 WL 1368863, at *10 (M.D.N.C. June 15, 2004); *Cronos Containers, Ltd.*, 121 F. Supp. 2d at 466 (D. Md. 2000); *Roby* v. *Gen. Tire & Rubber Co.*, 500 F. Supp. 480, 486 (D. Md. 1980).

Plaintiff does not allege that the District of Maryland would be more convenient to any witness. In fact, plaintiff acknowledges that MBNA's principal offices are located in Wilmington, Delaware. Compl. ¶ 3. Moreover, the conduct alleged in plaintiff's Complaint focuses primarily on communications by MBNA and its officers and employees. Compl. ¶¶ 14-19. As a result, the witnesses most likely to have relevant knowledge are MBNA's current and former employees, the majority of whom are located in the District of Delaware. Cole Aff. ¶¶ 4-5.[9] For example, nearly all of the MBNA employees who participated in the January 21, 2005 conference call described in plaintiff's complaint (Compl. ¶ 15) are residents of Delaware. Cole Aff. ¶ 5. Because the District of Delaware is MBNA's principal place of business, it is also more likely that other relevant witnesses, such as former MBNA employees, would be found in that District rather than in Maryland.

## II.    In the Alternative, the Court Should Stay This Action in Deference to the Earlier-Filed Derivative Actions Pending in the District of Delaware.

If this action is not transferred to the District of Delaware where it can be consolidated with the two earlier-filed derivative actions, the Court should stay plaintiff's action until those other derivative suits are resolved. *See Colorado River Water*

---

[9] The majority of documentary and other evidence is also likely to be found in the District of Delaware. Cole Aff. ¶ 6.

*Conservation District* v. *United States*, 424 U.S. 800, 817 (1976) (where there are two substantially similar actions pending in two separate courts on behalf of the same parties, a court should be guided by the general principle to avoid duplication between the courts).[10]  There is no reason to allow separate shareholder derivative actions brought on behalf of the same corporation and seeking the same damages to proceed simultaneously in two different courts.  Such duplicative litigation would be extraordinarily wasteful of both private and judicial resources and would pose a substantial risk of inconsistent determinations.

It is well-settled that this Court has authority to stay this action pending the resolution of the earlier-filed derivative actions pursuant to its inherent authority "to control . . . its own docket" in the interest of "economy of time and effort for itself, for counsel, and for litigants."  *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Popoola* v. *MD-Individual Practice Ass'n*, No. Civ.A.DKC 2000-2946, 2001 WL 579774, at *2 (D. Md. May 23, 2001).  If this action is not transferred to the District of Delaware pursuant to Section 1404(a), such a stay would be appropriate to avoid substantial inefficiencies and duplication.

---

[10] As a general rule, where two actions are filed covering the same nucleus of facts, the earlier-filed action should have priority over the subsequently-filed action.  *See, e.g.*, *Ellicott Mach. Corp.* v. *Modern Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974); *First Century Mortg.* v. *FISI Madison*, 219 F. Supp. 2d 669, 672 (D. Md. 2002).  As noted above, both District of Delaware derivative actions—*Lemon Bay* and *Benoit*—were filed before plaintiff filed this action.

-14-

**CONCLUSION**

This action should be transferred to the United States District Court for the

District of Delaware pursuant to 28 U.S.C. § 1404(a).  In the alternative, this action

should be stayed pending resolution of the two shareholder derivative actions pending in

that District.

Dated: August 26, 2005

By:_____s/ Richard L. Brusca_____          By:_____s/ Troy A. Priest_____
    Richard L. Brusca (Fed. Bar No. 22930)              Troy A. Priest (Fed. Bar No. 12022)
SKADDEN, ARPS, SLATE, MEAGHER          BROWN & SHEEHAN LLP
& FLOM LLP          The Tide Building, Suite 300
1440 New York Avenue N.W.          1010 Hull Street
Washington, DC 20005          Baltimore, MD 21230
(202) 371-7000          (410) 296-8500

*Attorneys for Defendants Laura S. Unger,*          *Attorneys for Nominal Defendant MBNA Corp.*
*Benjamin R. Civiletti, William L. Jews, James*          *and Defendant Bruce L. Hammonds*
*H. Berick, Mary M. Boies, Randolph D.*
*Lerner, Stuart L. Markowitz, William B.*
*Milstead and Thomas G. Murdough, Jr.*