**BROWN Sheehan**
Attorneys at Law

Brown & Sheehan, LLP
Tide Point
The Tide Building, Suite 300
1010 Hull Street
Baltimore, MD 21230

410-296-8500 • phone
410-296-1559 • fax

September 9, 2005

VIA ELECTRONIC FILING

The Honorable Catherine C. Blake
United States District Judge
7310 United States District Courthouse for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    *Rosenwald v. Unger, et al.*, No. 05cv02296 CCB

Dear Judge Blake:

      On behalf of nominal defendant MBNA Corporation and defendant Bruce L. Hammonds, I write to advise the Court of a development that is highly relevant to defendants' motion to transfer this action to the District of Delaware or, in the alternative, to stay this action, which was filed on August 28, 2005. As defendants noted in their brief in support of that motion, this case is one of many closely related actions filed in the wake of the drop in MBNA's share price in April 2005. Ten of these actions—two nearly identical derivative actions and eight other closely related class actions—are pending in the United States District Court for the District of Delaware.

      On August 29, 2005, the United States District Court for the Southern District of New York granted MBNA's motion to transfer two additional closely related shareholder class actions to the District of Delaware pursuant to 28 U.S.C. § 1404(a). That decision provides strong support for defendants' § 1404(a) transfer motion pending before the Court. As a result, I enclose copies of the August 29, 2005 Order transferring the two New York cases to Delaware and the transcript of the hearing of the same date that sets forth the reasons why the New York court granted MBNA's transfer motion.

      With the transfer of the two New York actions to the District of Delaware, this case is now the only one of the thirteen closely related actions against MBNA and its officers and directors that remains outside Delaware. As the New York court explained in granting defendants' motion, transfer is clearly appropriate pursuant to 28 U.S.C.

The Honorable Catherine C. Blake
United States District Judge
September 9, 2005
Page 2

§ 1404(a): "Delaware is the center of gravity of this litigation. It is where the corporate defendant is headquartered. . . . It is where the allegedly misleading statements that form the foundation of plaintiffs' actions originated. If these circumstances left any doubt, the . . . related actions pending in the transferee district seal the deal." Hearing Tr. at 39:4-39:10. For the same reasons, the Court should grant defendants' motion to transfer this case to the District of Delaware where it can be consolidated with the two other pending derivative actions.

            Respectfully yours,

            Troy A. Priest

(Enclosures)

cc: Irving Bizar, Esquire
  Jay Kasner, Esquire
  Richard C. Pepperman, II, Esquire